## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAFIS ANTUAN FAISON,** | : | |
| **Petitioner,** | : | |
| | : | **No. 1:18-cv-2453** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **JAMEY LUTHER,** *et al.*, | : | **(Magistrate Judge Mehalchick)** |
| **Respondents** | : | |

### MEMORANDUM

Before the Court are *pro se* Petitioner Nafis Antuan Faison ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), motion to compel discovery (Doc. No. 7), and motion for clarification/status of case (Doc. No. 8), Magistrate Judge Mehalchick's January 14, 2020 Report and Recommendation (Doc. No. 23) recommending that Petitioner's § 2254 petition be denied and that his motions be dismissed as moot, and Petitioner's objections (Doc. No. 26) to the Report and Recommendation.  For the following reasons, the Court will overrule Petitioner's objections, adopt the Report and Recommendation, deny his § 2254 petition, and dismiss as moot his remaining motions.

## I.     BACKGROUND

Petitioner was tried and convicted in the Court of Common Pleas for Lycoming County of one count of possession with the intent to deliver a controlled substance, one count of possession of a controlled substance, and one count of possession of drug paraphernalia.  The factual background of this case has been set

forth at length by Magistrate Judge Mehalchick in her Report and Recommendation and, therefore, will not be repeated herein.  (Doc. No. 23 at 2-4.)  Petitioner was sentenced to a total of twenty-two (22) to forty-four (44) months' incarceration.  His convictions and sentence were upheld on both direct and post-conviction review in the Pennsylvania state courts.

In his § 2254 petition, Petitioner raises the following claims for relief:

1.  Petitioner was denied effective assistance of counsel because trial counsel failed to investigate and acquire GPS information that would have proven that his arrest was unlawful;

2.  Petitioner was denied effective assistance of counsel because trial counsel failed to file a motion to suppress the affidavit of probable cause that provided the basis for his arrest when the affidavit contained knowingly false material information;

3.  Petitioner was denied effective assistance of counsel because, at the suppression hearing, trial counsel failed to present GPS tracking evidence clearly showing that it was impossible for him to have been present at the controlled buy; and

4.  Petitioner was denied effective assistance of counsel because trial counsel failed to revisit the motion to suppress after the state court acknowledged that he was not present at the controlled buy.

(Doc. No. 22 at 5.)   In her Report and Recommendation, Magistrate Judge Mehalchick recommends that Ground Four be dismissed as procedurally defaulted "without justifiable cause to excuse such procedural default."  (Doc. No. 22 at 12-16.)  She recommended further that Petitioner's remaining grounds be dismissed as

meritless, a certificate of appealability not issue, and that Petitioner's pending motions be dismissed as moot.  (*Id.* at 16-24.)

In his objections, Petitioner challenges factual statements made by Magistrate Judge Mehalchick in her Report and Recommendation.  Specifically, Petitioner maintains that a correct reading of the PCRA court's opinion indicates that GPS data "exonerated Petitioner of being present at the apartment" during a drug transaction. (Doc. No. 26 at 3.)  Petitioner asserts that "[t]his factual finding should have been given deference, but was not."  (*Id.* (emphasis omitted).)  Petitioner argues that the Superior Court of Pennsylvania "clearly ignored the fact that the PCRA court took judicial notice of the GPS records [at an office the record hearing] that did not place Petitioner at the apartment during the controlled buy."  (*Id.* at 4.)

Petitioner also maintains that Magistrate Judge Mehalchick "erred by unreasonably applying the law when determining that police had probable cause to still arrest Petitioner even absent evidence that he was at [the] earlier controlled buy."  (*Id.*)  Specifically, Petitioner argues that there was no probable cause to arrest him because he was not observed committing any crime and "because there was no evidence that [he] was engaged in criminal activity."  (*Id.* at 5.)

## II.   LEGAL STANDARD

When objections are timely filed to a magistrate judge's report and recommendation, the district court must review *de novo* those portions of the report

to which objections are made.  28 U.S.C. § 636(c); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).  Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper.  *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III.   DISCUSSION

As noted above, Petitioner objects to Magistrate Judge Mehalchick's factual determinations as well as her application of the relevant law underlying all four (4) grounds for relief.  Essentially, Petitioner maintains that GPS data would have indicated that he was not present at the time of the controlled buy in the apartment. Petitioner, therefore, argues that this data would have demonstrated that officers had

no basis upon which to detain and, ultimately, arrest him. For the reasons set forth below, the Court finds Petitioner's objections to be meritless.

"When a police officer has 'a reasonable articulable suspicion that criminal activity is afoot,' he or she may conduct a 'brief, investigatory stop.'" *United States v. Whitfield*, 634 F.3d 741, 744 (3d Cir. 2010) (quoting *Illinois v. Wardlaw*, 528 U.S. 119, 123 (2000)). This "reasonable suspicion" requires less than probable cause, but there must exist "at least a minimal level of objective justification for making the stop." *Wardlaw*, 528 U.S. at 123. Factors considered by the courts to determine whether reasonable suspicion existed include: "whether the area is a high-crime area, a suspect's 'nervous, evasive behavior,' and flight from police officers." *Whitfield*, 634 F.3d at 744 (quoting *Wardlaw*, 528 U.S. at 124). A suspect may not have "done or is doing anything illegal; reasonable suspicion may be 'based on acts capable of innocent explanation.'" *Id.* (quoting *United States v. Valentine*, 232 F.3d 350, 356 (3d Cir. 2000)). The existing circumstances, though, "must raise a suspicion that the particular individual being stopped is engaged in wrongdoing." *United States v. Cortez*, 449 U.S. 411, 418 (1981).

Probable cause, however, "exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255

(3d Cir. 2002) (quoting *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984)).  Moreover, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "While probable cause to arrest requires more than mere suspicion, the law recognized that probable cause determinations have to be made on the spot under pressure and do not require the fine resolution of conflicting evidence." *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000) (internal quotation marks omitted). Moreover, "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 584 n.2 (2018).  Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 586.  "Whether probable cause exists is an *objective* determination based on the totality of the circumstances present at the time of the challenged governmental conduct." *United States v. Parker*, No. 1:19-cr-227, --- F. Supp. 3d ----, 2020 WL 2098270, at *3 (M.D. Pa. May 1, 2020).

As noted above, Petitioner essentially asserts that because GPS data would have indicated that he was not in the apartment at the time of the controlled buy, police officers had no reason to detain and, ultimately, arrest him.  The Court,

however, finds the following analysis by the Superior Court of Pennsylvania to be
instructive:

> In its opinion, the suppression court relied on the following
> factors in finding reasonable suspicion:
>
>> After the CI Deal, [Detective] Diaz observed Peterson[1]
>> and [Petitioner] converse outside of the apartment. This
>> shows an association between Peterson and [Petitioner].
>> Diaz later observed what he suspected was [Petitioner]
>> handing currency to Peterson. The sale of cocaine to the
>> CI, the presence of [Petitioner] during the sale, the
>> movement of various people in and out of the apartment,
>> [Petitioner's] conversations with Peterson and [Petitioner]
>> handing money to Peterson provided the police with
>> reasonable suspicion that [Petitioner] was engaged in the
>> sale of drugs.
>
> Opinion and Order, 1/14/15, at 5. Moreover, we note that during the
> suppression hearing, the police officer who observed [Petitioner] noted
> that the Bridge Street apartment is located in a high crime area, and
> there were specific complaints about the sale of narcotics at that
> location. N.T. (Suppression), 12/1/18, at 11-12. Reasonable suspicion
> is a less stringent standard than that required for probable cause.
> *Commonwealth v. Brown*, 996 A.2d 473, 477 (Pa. 2010). "In order to
> demonstrate reasonable suspicion, the police officer must be able to
> point to specific and articulable facts and reasonable inferences drawn
> from those facts in light of the officer's experience. *Commonwealth v.
> Cook*, 735 A.2d 673, 677 (Pa. 1999).
>
> Given the facts as set forth by the detective surveilling
> [Petitioner], even if [Petitioner] had been able to produce "viable GPS
> evidence" establishing that [he] was not in the Bridge Street apartment
> at the time of the controlled buy, that fact does not exonerate him nor
> does it prove that the police did not have reasonable suspicion to detain
> him. Indeed, as the PCRA court stated, "[The suppression court]
> determined that the officers did have reasonable suspicion to detain

---

[1] Peterson is the individual who sold the drugs to the CI.

[Petitioner] in the Family Dollar parking lot outside any authority granted by the search warrant." Trial Court Opinion, 1/30/18, at 6. The suppression court's determination was affirmed by this Court on direct appeal. *Faison*, 1442 MDA 2015 (unpublished memorandum). Appellant's counsel, therefore, was not ineffective for failing to raise a meritless claim.

(Doc. No. 21-2 at 27-29.)  Upon review of the record, the Court concludes that the Superior Court's determination regarding reasonable suspicion was neither contrary to or involved an unreasonable application of Federal law nor was an unreasonable determination of the facts.

Petitioner also asserts that Magistrate Judge Mehalchick "unreasonably appl[ied] the law when determining that police had probable cause to still arrest Petitioner even absent evidence that was at [the] earlier controlled buy." (Doc. No. 26 at 4.) The Court disagrees. Even if GPS data established that Petitioner was not present during the controlled buy, the record still reflects that officers observed heavy foot traffic at the Bridge Street apartment indicative of drug trafficking; observed Peterson and Petitioner conversing outside the apartment; saw Petitioner hand currency to Peterson; and saw Petitioner leave the apartment. While Petitioner is correct that "[m]ere presence at a given location cannot in and of itself constitute probable cause to arrest," *United States v. Butts*, 704 F.3d 701, 704 (3d Cir. 1983), Magistrate Judge Mehalchick correctly noted that probable cause exists if "at the moment the arrest was made . . . the facts and circumstances within [officers'] knowledge and of which they had reasonably trustworthy information were

sufficient to warrant a prudent man in believing" that a crime had been committed. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  Moreover, a resulting arrest, search, and seizure of evidence is valid even where an understandable mistake is made and the arrest is a reasonable response to the situation.  *See California v. Hill*, 401 U.S. 797, 804-05 (1971).  Upon review of the record, the Court finds that Magistrate Judge Mehalchick correctly conclude that, notwithstanding Petitioner's reliance on the GPS data, Petitioner has not demonstrated that, at the time of his arrest, it was unreasonable for officers to believe that he was present in the apartment at the time of the controlled buy.  (Doc. No. 23 at 21-23.)

Having considered Petitioner's objections, the Court concludes that Magistrate Judge Mehalchick correctly concluded that Petitioner has not demonstrated any prejudice from trial counsel's failure to present GPS data indicating that Petitioner was not present during the controlled buy.  Accordingly, Petitioner's objections will be overruled, and the Court will adopt Magistrate Judge Mehalchick's Report and Recommendation.

## IV.    CONCLUSION

For the foregoing reasons, the Court will overrule Petitioner's objections (Doc. No. 26) and adopt the Report and Recommendation (Doc. No. 23).  The Court

will, therefore, deny Petitioner's § 2254 petition (Doc. No. 1) and dismiss as moot

his remaining motions (Doc. Nos. 7, 8).  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: August 7, 2020